IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTINA BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>MARILYN DICKSON ADAMS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTION<br><br>Case No. 2:11-CV-658 TS |

This case arises out of a mediated agreement settling a custody dispute in the State of Washington. Plaintiff seeks a Temporary Restraining Order(TRO) and a Preliminary Injunction to force a Washington state defendant, Marilyn Dickson Adams (Adams), to bring a child to Utah for visitation and also to show cause why that defendant is not cooperating in the mediated reunification agreement.

Plaintiff is seeking an ex parte TRO and a hearing on a preliminary injunction. The Court will deny the Motion for an ex parte TRO and the preliminary injunction as follows.

In order to obtain an ex parte TRO, Rule 65(b)(1)(A) and (B) of the Federal Rules of Civil Procedure permit issuance of a TRO on an ex parte basis

1

*only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required.[1]

In the instant case, Plaintiff's Motion has not met the requirements of Rule 65(b)(1) for issuance of an ex parte TRO, because there is no certification from the attorney addressing specific reasons why notice should not be given to the out-of-state defendant before issuance of the TRO. Therefore, the TRO will be denied.

Moving to the request for a preliminary injunction, the elements a party must show to be entitled to a preliminary injunction are the same it must show for a TRO. Those elements are:

> (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.[2]

Plaintiff herein has not shown a likelihood of success on the merits of her request for an order from this federal Court to immediately bring a minor child from the State of Washington to the State of Utah for visitation when that child is the subject of a state custody proceeding. Plaintiff alleges that there was a state court custody proceeding and a mediated agreement under which each party has on-going duties and that two of the Defendants have breached or interfered with those duties. Plaintiff references a "court

---

[1] Fed.R.Civ.P. 65(b)(1)(a) & (b) (emphasis added).

[2] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006) (quotation marks and citations omitted).

2

decree"³ but does not attach such decree to her Complaint. The exhibits to the Complaint are the mediated settlement which place custody in Defendants, including Adams, in the State of Washington. Under the Agreement, that custody is subject to changes at the recommendation of a therapist, who is not a party to this action. However, the copies of the Agreement attached to the Complaint are largely illegible due to the poor quality of the copies. It is not possible from what Plaintiff has submitted to determine if the settlement is incorporated into a court order or decree. On the record before the Court on this Motion, all that can be determined is that Plaintiff and Defendant Adams have obligations in the state custody proceeding. Those obligations and their intended result, reunification under certain conditions, appear to be part of an on-going custody process in the state courts of Washington.

It is well-settled that the *Younger* doctrine,⁴ would prohibit a federal court from considering Petitioner's request for injunctive relief in a pending state child custody dispute.⁵ Further, [f]amily relations are a traditional area of state concern."⁶

By its ruling today, the Court is not finding definitively that *Younger* abstention should apply, or if it does, that it would apply to any claims other than the first cause of

---

³Complaint, ¶¶ 18, 22, & 34.

⁴*Younger v. Harris*, 401 U.S. 37 (1971).

⁵*See e.g. Leonoff v. Oklahoma*, 60 Fed. Appx. 233 (10th Cir. 2003) (affirming dismissal of claims for injunctive and declaratory relief in a pending child custody dispute based on the *Younger* doctrine).

⁶*Moore v. Sims*, 442 U.S. 415, 435 (1979) (applying *Younger* abstention in constitutional challenge to state's child-welfare laws).

3

action for Breach of the Settlement Agreement and Court Decree. What the Court is finding is that, on the record submitted for this motion, Plaintiff has not shown a likelihood of success on the merits of her claim for injunctive relief in the form of an order that a minor child be brought from Washington to Utah for visitation when custody and visitation is subject to on-going custody proceeding in Washington.

Plaintiff also seeks issuance of an order to show cause why Defendant Adams is not cooperative with the terms of the mediation agreement. As noted above, Plaintiff has not shown that there is a court decree regarding the Agreement. Therefore, there is no basis to issue an order to show cause. Further, an order to show cause is usually issued by the court that issued the order in dispute. It is therefore

ORDERED that Plaintiff's Motion for a TRO and a Preliminary Injunction (Docket No. 2) is DENIED WITHOUT PREJUDICE.

DATED August 3, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge